**Valerie Kaye BROOKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–90–00691–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

March 11, 1993.

Rehearing Denied April 15, 1993.

John Gascoigne, Henry K. Oncken, Houston, for appellant.

John B. Holmes, Carol Cameron, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and COHEN and O'CONNOR, JJ.

## OPINION ON REMAND FROM THE TEXAS COURT OF CRIMINAL APPEALS

COHEN, Justice.

A jury found appellant guilty of murder and assessed punishment at 12–years imprisonment. We affirmed. *Brooks v. State*, 822 S.W.2d 765 (Tex.App.—Houston [1st Dist.] 1992).

The Court of Criminal Appeals, 854 S.W.2d 659, granted appellant's petition for discretionary review, sustained appellant's second ground for review, and remanded the cause for reconsideration of appellant's fourth point of error in light of *Grunsfeld v. State*, No. 91–1037 (Tex.Crim.App., not yet reported). The State's motion for rehearing is still pending in *Grunsfeld*. Nevertheless, the court has directed us to conduct our review as if *Grunsfeld* were final. Thus, we will follow the *Grunsfeld* opinion, even though it remains pending on rehearing and was decided by a five-four vote.

In her fourth point of error, appellant asserts the trial court erred by overruling her objection to Adrienne Armstrong's testimony. Armstrong testified during the punishment stage that he was appellant's former husband and that about three years before this offense, appellant pointed a pistol at him and fired at him twice.

We originally held this evidence was admissible, based on TEX.CODE CRIM.P.ANN. art. 37.07, § 3(a) (Vernon Supp.1993). In *Grunsfeld,* the court held that unadjudicated offenses are generally inadmissible at the punishment stage of trial. The court relied heavily on *Murphy v. State,* 777 S.W.2d 44, 64 (Tex.Crim.App.1988) (op. on reh'g). Such evidence may be admissible against "an accused who initiates evidence of specific conduct at the punishment stage, or shows in the first instance that he has never been 'in trouble' before, or that he can comply with the law if placed on probation...." *Id.* at 67. Such a defendant has "opened the door" to rebuttal evidence, which may include proof of specific bad acts. *Id.* Appellant did not "initiate" such evidence and did not show "in the first instance" that she had never been in trouble and could comply with the law if placed on probation. On the contrary, she objected to the evidence. Thus, appellant did not open the door to such evidence, although after her objection was overruled, she responded to it by testifying that she could comply with the terms of probation, attended college, was active in her church, and was trying to care for her child. Consequently, we hold the trial judge erred by overruling appellant's objection and admitting the evidence. *Murphy,* 777 S.W.2d at 64.

We are required to reverse the judgment unless we are convinced beyond a reasonable doubt that it made no contribution to the verdict on punishment. TEX. R.APP.P. 81(b)(2).

Appellant was eligible for probation and sought it from the jury. She had never been convicted of a crime, but had received deferred adjudication for misdemeanor theft, which she served out. She testified that she was not trying to hurt Mr. Armstrong when she shot at the truck he was driving, that she told that to the police, that all charges were dropped the next day, and that she still had a relationship with Mr. Armstrong.

The State presented no evidence at the punishment stage, except Mr. Armstrong's testimony. Appellant presented testimony from her father and from a clinical psychologist, both of whom testified in support of her request for probation. During argument, the State asked for a prison term of at least 16 years, and appellant asked for probation.

Under this record, we are not convinced beyond a reasonable doubt that the erroneously admitted evidence made no contribution to the jury verdict on punishment. The jury obviously considered probation, as shown by its note to the judge during deliberations, asking who would set the terms for probation and what amount of restitution would be ordered if appellant received probation. There is no reason to believe that all the jurors disbelieved or disregarded Mr. Armstrong's testimony. In short, there is good reason to believe the evidence was harmful and no reason to believe it was harmless.

Point of error four is sustained.

The part of the judgment assessing sentence is vacated and set aside, and the cause is remanded to the trial court for a new punishment hearing. TEX.CODE CRIM. PROC.ANN. art. 44.29(b) (Vernon Supp.1993).

We have previously overruled all other points of error. Therefore, in all other respects, the judgment is affirmed.